IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HARMS,<br><br>    Plaintiff,<br><br>   v.<br><br>BAC HOME LOANS SERVICING, LP;<br>RECONTRUST COMPANY, N.A., AND<br>DOES 1-10, INCLUSIVE,,<br><br>    Defendants.<br>_____/ | No. C 11-02757 CW<br><br>ORDER GRANTING<br>MOTION TO DISMISS<br>AND DENYING MOTION<br>TO FILE AMENDED<br>COMPLAINT |

INTRODUCTION

Plaintiff brings claims against Defendants Bank of America Home Loan Servicing (BACHLS) and ReconTrust for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA), along with claims for violations of California state law. This is the second lawsuit that Plaintiff has brought against Defendants. Plaintiff has filed a motion for leave to amend. Defendants have filed a motion to dismiss the complaint. For the reasons stated below, Defendants' motion to dismiss is GRANTED and the motion to file an amended complaint is DENIED.

BACKGROUND

Plaintiff denies having any contractual agreement for credit, loans or services with Defendants and challenges the existence of a debt. Instead, Plaintiff bases his claims under the FDCPA on Defendants' alleged failure to validate his debt and Defendants' attempt to collect that debt. He bases his FCRA claims on

Defendants' reporting his debt to credit bureaus allegedly without having validated the debt.

A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d); Mir v. Little Co., 844 F.2d 646, 649 (9th Cir.1988). Plaintiff provides a copy of a promissory note, executed on April 14, 2005, showing that he did obtain a loan from Ampro Mortgage Company, in the amount of $392,000. Pl.'s Ex. B. The note acknowledges an understanding on the borrower's part that the lender may transfer the note.

Defendants provide a copy of the deed of trust (DOT) signed by Plaintiff. RJN Ex. 1. MERS is listed as the nominee of the trustee and the beneficiary of the DOT. Ampro Mortgage Company is identified as the lender and trustee. Paragraph 20 of the DOT allows for sale of the note without prior notice to borrower. Paragraph 23 allows the lender to appoint successor trustees. On March 8, 2010, MERS, as beneficiary and in accordance with Paragraph 23, transferred trustee status to ReconTrust and transferred its beneficial interest to Bank of New York Mellon (BNY). RJN Ex. 2. The first notice of default (NOD) was sent two days later. RJN Ex. 3. The second NOD was issued on February 10, 2011. RJN Ex. 5.

On March 1, 2011, Plaintiff sent a cease-and-desist letter to Defendants requesting validation of his debt. He received what he calls an alleged verification, with a copy of the note and the deed of trust, a computer printout of the "alleged loan history, only showing alleged payments." Compl. at 6.

2

Plaintiff's complaint comprises six claims.  The first claim alleges as a violation of state law that Defendants sent him an account statement indicating a need for an immediate response rather than allowing thirty days "as required by law."  Compl. at 5.  The 1AC identifies the Rosenthal Fair Debt Collection Practices Act (RFDCPA) as the statute Defendants allegedly violated.  Cal. Civ. Code § 1788 et. seq.

Plaintiff's second claim alleges violations of the FDCPA, for failure to provide validation of the "alleged debt" as required by the statute and Defendants' continued attempt to collect the debt in violation of the FDCPA.

Plaintiff's third claim alleges that because Defendants did not provide validation of the debt, information regarding his outstanding debt that was furnished to credit bureaus was erroneous or inaccurate, in violation of the FCRA, under 15 U.S.C § 1681s-2.

Plaintiff's fourth claim alleges that Defendants failed to mark his account in dispute in violation of the FCRA, under 15 U.S.C § 1681s-2.  Subsection (a)(3) establishes the duty to provide a notice of dispute.

Plaintiff's fifth cause of action is titled "continued collection activity" but alleges false or misleading representations under 15 U.S.C. § 1692e.

Plaintiff's sixth cause of action alleges willful non-compliance with the FDCPA and the FCRA.  It, however, cites to the provisions of the statute for negligent non-compliance.  15 U.S.C. § 1681n.

Plaintiff's first lawsuit in this district against ReconTrust, MERS, BNY, and BACHLS was dismissed by this Court as legally frivolous, for failing to state a cognizable claim upon which relief could have been granted. RJN Ex. 8. Plaintiff cited criminal statutes and brought a securities claim despite not having purchased any of the mortgage-backed securities in question.

Plaintiff's complaint does not specify which claim is brought against which Defendant.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.

4

Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

Plaintiff's federal claims fail because they state in conclusory terms that Defendants violated the FDCPA and the FCRA.  He fails to explain how the FDCPA applies to Defendants and fails to allege any conduct violating the FCRA.  Furthermore, as a matter of law, the FDCPA does not apply to the foreclosure process, and Plaintiff does not have standing to sue under the relevant provision of the FCRA.  Finally, taking judicial notice of the promissory note and DOT, both of which recognize the lender's right to transfer, Defendants are in proper and legal possession of the DOT.

Plaintiff's motion for leave to amend his complaint attaches his first amended complaint (1AC), which pleads the state law claim with greater specificity, in that he identifies the relevant state law as the Rosenthal Fair Debt Collection Practices Act

5

(RFDCPA). However, Plaintiff continues to deny having a debt obligation to Defendants.

The provisions of the FDCPA under which Plaintiff brings his suit apply only to those persons considered "debt collectors" under the Act. The communications Defendants sent to Plaintiff were part of the foreclosure process, and district courts in the Ninth Circuit have concluded that "foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDC[P]A." Gamboa v. Trustee Corps, 2009 WL 656285 at *4 (N.D. Cal.); Landayan v. Washington Mut. Bank, 2009 WL 3047238 at *3 (N.D. Cal.) (dismissing plaintiff's FDCPA claim because "foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA"); Jozinovich v. JP Morgan Chase Bank, N.A., 2010 WL 234895 at *6 (N.D. Cal.); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Ines v. Countrywide Home Loans, Inc., 2008 WL 4791863 at *2 (S.D. Cal.); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); but see Austero v. Aurora Loan Servs., Inc., 2011 WL 1585530, at *9 (N.D. Cal.) (holding that "[w]here the claim arises out of debt collection activities beyond the scope of the ordinary foreclosure process, however, a remedy may be available under the Rosenthal Act") (quotation marks omitted).

Even if Defendants were considered debt collectors, their actions did not violate the FDCPA or the RFDCPA. Plaintiff alleges that BACHLS violated 15 U.S.C. § 1692g by failing to validate his debt and continuing foreclosure proceedings after he sent his March 1, 2011 letter demanding validation. However, section 1692g applies to the initial communication between a debt

collector and a consumer. The communication that Plaintiff identifies in his complaint is the second NOD, not the initial communication.

Additionally, there are no facts indicating that Defendants' verification of the debt as required by the FDCPA was insufficient. "Verification" refers to the paperwork a debt collector may send to the debtor to fulfill its validation obligations. "Validation" of a debt refers to the entire scheme of statutory requirements imposed by 15 U.S.C. § 1692g. A debt collector may verify a debt by contacting the creditor to ascertain the nature and balance of the outstanding bill and conveying the information to the debtor in the form of an itemized statement. See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006); Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1203 (9th Cir. 1999). Plaintiff admits that he was provided with a copy of the note, the DOT, and a history of his loan payments. Compl. at 6. He hopes to impose a much higher standard, demanding that his debt be validated by "somebody who has intimate firsthand knowledge of the alleged account, signed under penalty of perjury." Plaintiff's view is unfounded in statutory or case law.

Plaintiff also claims that the language "and will increase until your account becomes current," printed on letters sent to him, violates the FDCPA, but that language is printed in accordance with California Civil Code section 2924c(b)(1) and does not, as he contends, suggest that he must contact Defendants immediately.

Plaintiff's fifth claim is for violation of 15 U.S.C.

7

§ 1692e, which prohibits false and misleading representations by a debt collector. Again, district courts in this circuit have not considered communications that are part of the foreclosure process to be debt collection.

Plaintiff lacks standing to maintain a claim against Defendants under the FCRA, 15 U.S.C. § 1681s-2(a). The FCRA does not provide for private rights of action based on violations of subsection (a). 15 U.S.C. § 1681s-2(d).

A private right of action exists under 15 U.S.C. § 1681s-2(b) against furnishers of information who fail to investigate a disputed charge. Although Plaintiff recites this provision, he neither alleges facts that would support a claim under subsection (b) nor states, even in conclusory terms, that Defendants failed to investigate a disputed charge. He only alleges that he "reported this account to all three bureaus." Compl. at 15.

Plaintiff's sixth and final claim alleges willful non-compliance with the FDCPA and the FCRA. Plaintiff does not provide the Court with a statute providing for damages for a willful violation of the FDCPA, but he does cite 15 U.S.C. § 1681n, which imposes civil liability for willful non-compliance with the FCRA. To prove a willful violation, a consumer must show that the defendant violated the FCRA either knowingly or recklessly. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). Although the claim is titled "willful noncompliance," Plaintiff also includes the statutory provision for negligent non-compliance with the FCRA. Plaintiff's claims for willful non-compliance and negligent non-compliance fail because he pleads in

wholly conclusory terms that Defendants did not comply with the provisions of the FCRA.

Leave to amend should be freely given unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990). Here, Plaintiff's FDCPA and RFDCPA claims fail as a matter of law, because they fail to apply to Defendants at all; no additional facts in an amended complaint can save them. Plaintiff's FCRA claims fail factually, because he admits facts demonstrating that Defendants provided proper verification of the debt. Because Plaintiff's 1AC fails to cure any these deficiencies and there is no realistic possibility that further amendment can cure them, leave to amend is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED, with prejudice.

IT IS SO ORDERED.

Dated: 11/23/2011

CLAUDIA WILKEN
United States District Judge

9